IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**STEVEN ADKINS**                                                                                      **PLAINTIFF**

**v.**                                                   **No. 4:24-cv-109-DAS**

**PATRICIA DOTY**                                                            **DEFENDANT**

**MEMORANDUM OPINION**

The court takes up, *sua sponte*, the dismissal of this cause. This matter comes before the court on the plaintiff's complaint filed under 42 U.S.C. § 1983. Doc. [1]. The plaintiff alleges that, during his stay at the Mississippi State Penitentiary, Warden Patricia Doty and others improperly found him guilty of a prison rule violation (No. 2063238) – possession of major contraband. Docs [6], [15]. His punishment was: (1) 180 days loss of canteen privileges; (2) 180 days loss of phone privileges; and (3) 180 days loss of visitation privileges. Doc. [15]. On June 16, 2025, this Court ordered Plaintiff to show cause why the complaint should not be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's response to this order was due by July 7, 2025. Doc. [16]. This date has long passed, and Plaintiff has not submitted a response. For the reasons set forth below, the instant complaint should be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**Due Process in the Prison Context**

Under the ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. The court found that this discipline fell "within the expected parameters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 2301 and 2300. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the constitutional procedural protections afforded prisoners:

> (1) Advanced written notice of the claimed violation;
> (2) A written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken;
> (3) The ability to call witnesses (which can be limited at the discretion of prison officials for security and other reasons);
> (4) The ability to present documentary evidence.

*Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974); s*ee also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was loss of canteen, phone, and visitation privileges for 180 days. Though unpleasant, such punishment clearly falls "within the expected parameters of the sentence imposed by a court of law," *Id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. As such, the plaintiff's allegations regarding violation of his right to due process are without merit and should be dismissed for failure to state a claim upon which relief could be granted.

**Conclusion**

As set forth above, the plaintiff's claims do not state a valid claim under 42 U.S.C. § 1983. As such, this case is **DISMISSED** for failure to state a claim upon which relief could be granted. This dismissal shall count as a **STRIKE** against the plaintiff under the "three strike rule" of the Prison Litigation Reform Act, 28 U.S.C. §1915(g)

**SO ORDERED**, this, the 9th day of December, 2025.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**